IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DERICH JUNIOR WALL,               )
                                  )
                Petitioner,       )
                                  )
        v.                        )       1:09CV136
                                  )       3:94CR245-3
UNITED STATES OF AMERICA,         )
                                  )
                Respondent.       )


### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Derich Junior Wall, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 93.)[1] On December 14, 1994, Petitioner was convicted by a jury of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine hydrochloride, carrying and using firearms during drug trafficking, and possession of firearms after a felony conviction. (Docket No. 36.) He was subsequently sentenced to a total of 350 months of imprisonment. (Docket No. 44.) Petitioner did file a direct appeal, but his judgment and appeal were affirmed in a judgment entered on January 2, 1997. (Docket Nos. 72, 73). On November 19, 2008, Petitioner submitted a § 2255 motion. (Docket No. 89.) That motion was dismissed without prejudice for deficiencies in form. Petitioner then filed the current § 2255 motion on February 20, 2009. (Docket No. 92.) Respondent has filed its own motion seeking to have the § 2255 motion dismissed for being time-barred.

---

[1]This and all further cites to the record are to the criminal case.

(Docket No. 95.)  Petitioner has responded (docket no. 97) and the case is now before the Court for a decision.

**DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA").  28 U.S.C. § 2255(f).  The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996.  Lindh v. Murphy, 521 U.S. 320 (1997).  Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final.  Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003).  Here, Petitioner's conviction and sentence were confirmed on direct appeal on January 2, 1997.  Petitioner then had ninety days to file a petition for certiorari with the United States Supreme Court, but did not do so. Sup. Ct. R. 13(1).  Therefore, his conviction became final in early April of 1997.  His year to file his § 2255 motion began to run at

_____

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing.  Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

that time and fully expired a year later in April of 1998. This is more than ten years before he filed his first § 2255 motion. Clearly, his motion was out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner alludes to a government action or impediment in his response brief, but fails to point to any action by the government that prevented him from filing. Certainly, none is apparent in the record. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him at least by the time of his sentencing. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

-3-

Arguments set out in Petitioner's response brief are really in the nature of a request for equitable tolling. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to

-4-

raise claims in state court and months to raise them in federal court shows lack of due diligence.  <u>Pace</u>, 544 U.S. 408.

Petitioner states in his response that he had problems communicating with his attorney about his notice of appeal and that he later did not have counsel to help him file an appeal.  He also includes letters he sent to the Court, and perhaps the Federal Public Defender's Office, seeking representation throughout 1997.  All of these appear aimed at having a notice of appeal filed.

As cited above, neither problems with counsel nor a lack of counsel will ordinarily support an equitable tolling argument.  More importantly, the problems that Petitioner describes here allegedly occurred in 1997 and concerned the filing of a notice of appeal.  This presents two problems for Petitioner.  First, his direct appeal was filed prior to 1997 and was decided in January of that year.  No further notice of appeal could be filed.  Second, problems in 1997 cannot begin to explain Petitioner's ten-year delay in filing.  Petitioner has not shown the diligence necessary to entitle him to equitable tolling.  His § 2255 motion is untimely and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 95) be granted, that Petitioner's motion to

vacate, set aside, or correct sentence (docket no. 92) be dismissed, and that Judgment be entered dismissing this action.


                        _____/s/ Donald P. Dietrich_____
                             **Donald P. Dietrich**
                       **United States Magistrate Judge**

July 31, 2009